**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4250**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

CHRISTIAN ORLANDO TABORA GUTIERREZ, a/k/a Orlando Edgardo
Tabora Chavez,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.    Henry E. Hudson, District
Judge.  (3:11-cr-00251-HEH-1)

Submitted:  October 31, 2012         Decided:  November 8, 2012

Before NIEMEYER, KING, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire,
Assistant Federal Public Defender, Patrick L. Bryant, Appellate
Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride,
United States Attorney, S. David Schiller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christian Orlando Tabora Gutierrez, a native and citizen of Honduras, appeals his conviction for unlawful reentry after deportation by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2006). On appeal, he challenges the district court's denial of his motion to dismiss the indictment, arguing that he satisfied the three statutory requirements for a collateral attack on his prior removal order. Finding no error, we affirm.

In a prosecution for illegal reentry after removal, a defendant may mount a successful collateral attack on the removal order constituting an element of the offense if he can show: (1) he exhausted any administrative remedies that may have been available to challenge the order of removal; (2) he was effectively deprived of his right to judicial review of the removal order; and (3) the removal proceedings were fundamentally unfair. 8 U.S.C. § 1326(d) (2006); see United States v. Mendoza-Lopez, 481 U.S. 828 (1987); United States v. El Shami, 434 F.3d 659, 663 (4th Cir. 2005).

Because these conditions are listed in the conjunctive, a defendant must show all three in order to prevail. United States v. Wilson, 316 F.3d 506, 509 (4th Cir. 2003), overruled on other grounds by Lopez v. Gonzales, 549 U.S. 47 (2006). "However, if the defendant satisfies all three

requirements, the illegal reentry charge must be dismissed as a matter of law." El Shami, 434 F.3d at 663. The failure to provide an alien with written notice of his deportation hearing deprives him of his right to seek administrative relief, and thus the first two requirements for a collateral attack under § 1326(d) are satisfied. Id. at 663-64. This court reviews de novo the district court's denial of a motion to dismiss a charge under 8 U.S.C. § 1326(d). Id. at 663.

After conducting a de novo review of the record, we discern no error in the district court's finding that Gutierrez received written notice of the date, time and location of his original deportation hearing. Further, the evidence of record supports the district court's finding that Gutierrez specifically declined in writing to administratively contest his removals from the United States, and there is no indication that these waivers were anything but knowing and intelligent.

Because Gutierrez cannot satisfy the first two prongs of § 1326(d), we find it unnecessary to reach the issue of whether his removal proceedings were fundamentally unfair. Accordingly, we affirm the district court's order denying Gutierrez's motion to dismiss the indictment and the judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED